### UNITED STATES DISTRICT COURT
### IN AND FOR THE
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH I. TOOTELL, JR., <br> Plaintiff | ) <br> ) <br> ) |
| VS. | )     CIVIL ACTION NO. 04-11813 JLT <br> ) |
| HAMILTON M. SPORBORG, D.D.S., <br> Defendant | ) <br> ) |

### MOTION OF THE DEFENDANT, HAMILTON M. SPORBORG, D.D.S., TO STRIKE AD DAMNUM AMOUNT PURSUANT TO MASSACHUSETTS GENERAL LAWS CHAPTER 231 SECTION 60C

Now comes the defendant, Hamilton M. Sporborg, D.D.S., and through counsel moves to strike from plaintiff's Complaint all reference to an ad damnum amount and require the plaintiff to re-file a complaint omitting any reference to amount of claim or award sought. As grounds for this motion, the defendant states that Massachusetts statute prohibits the reference to any dollar amount sought or claimed in actins alleging negligence against a provider of healthcare. Specifically, Massachusetts General Laws Chapter 231, Section 60C states as follows: "No writ or complaint for malpractice, error or mistake against a provider of health care shall contain an ad damnum or monetary amount claimed against such defendant." M.G.L. c. 231 Section 60C. For these reasons, counsel for the defendant respectfully requests that all reference to a dollar amount in plaintiff's Complaint be stricken.

In the case of *Feinstein v. Massachusetts General Hospital*, decided March 10, 1981, the United States Court of Appeals for the First Circuit held that the Rules of Decision Act, 28 U.S.C. §1652, and the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) require a

Federal District Court sitting in diversity to refer malpractice actions against a health provider arising under Massachusetts law to a medical malpractice tribunal convened pursuant to Massachusetts General Laws Chapter 231 Section 60B. Under the same reasoning, the law applicable to ad damnum amounts should also be applied to this case.

WHEREFORE, all the reasons set forth above, counsel for the defendant, Hamilton M. Sporborg, D.D.S., requests that this motion be **ALLOWED** and that all reference to an ad damnum amount be stricken from the plaintiff's complaint and that the plaintiff be **ORDERED** to re-file a complaint omitting any reference to an ad damnum amount.

Respectfully submitted,

Kevin C. Reidy, B.B.O. No. 567760
Attorney for Defendant, Hamilton M. Sporborg, D.D.S.
MARTIN, MAGNUSON, McCARTHY & KENNEY
101 Merrimac Street
Boston, MA 02114
(617) 227-3240

## CERTIFICATE OF SERVICE

I, Kevin C. Reidy, attorney for defendant, hereby certify that on the 21st day of December, 2004, I served the within *Motion* upon all counsel of record by mailing a copy, postage prepaid, to Anthony R. Bott, Esq., Anthony R. Bott, P.C., Eight Beach Road, Post Office Box 1137, East Orleans, MA 02643.

                                                                  Kevin C. Reidy, B.B.O. No. 567760
                                                                  Attorney for Defendant,
                                                                  Hamilton M. Sporborg, D.D.S.
                                                                  MARTIN, MAGNUSON, McCARTHY & KENNEY
                                                                  101 Merrimac Street
                                                                  Boston, MA 02114
                                                                  (617) 227-3240