

**Commonwealth of Massachusetts
Board of Registration in Medicine**

Ten West Street
Boston, Massachusetts 02111

617/727-3086

RUSSELL J. ROWELL, M.D.
CHAIRMAN

BARBARA NEUMAN
EXECUTIVE DIRECTOR

FILED
IN CLERKS OFFICE
2005 NOV 25  P 1: 21
U.S. DISTRICT COURT
DISTRICT OF MASS.

MEDICAL MALPRACTICE TRIBUNAL FINDING TRANSMITTAL SHEET
TO THE BOARD OF REGISTRATION IN MEDICINE

Case Name:  **TOOTELL, JR. -VS- SPORBORG, DDS.**

Docket Number:  **05-0546**

County:  **SUFFOLK**

Court Name and Address:  **SUFFOLK SUPERIOR COURT (CIVIL)
PEMBERTON SQUARE
BOSTON, MA 02108**

Clerk:  **JAMES KELLY**   (CONNOLLY, J.)

Date Report Sent:  **NOVEMBER 23, 2005**   (sc)

This transmittal sheet is not complete until certified copies of the medical malpractice case complaint and tribunal finding are attached.

Massachusetts General Laws, Chapter 351, s. 22
"Whenever the tribunal makes a finding, the clerk of the court shall, no later than fifteen days after such finding, send a copy of the complaint and finding to the board of registration in medicine."

Members of the Board:

Ralph A. Deterling, Jr., M.D.
Physician Member

Melinda Milberg, Esq.

Andrew Q. Bodnar, M.D., J.D.
Physician Member

Marian J. Ego, J.D., Ed.D.
Public Member

Marilyn Griffin, M.D.
Secretary

Louise Liang, M.D.
Physician Member

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET# SUCV2005-00546

Kenneth I Tootell Jr
vs.
Hamilton M Sporborg DDS

Notice sent
11/23/2005

K. C. R.
M. M. Mc. & K.
A. R. B.

(sc)

### FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

The above entitled action came on for hearing before the appointed medical tribunal on 11/21/2005, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:

*(1) ~~For the plaintiff(s)~~ _____ and that the evidence ~~presented if properly substantiated is sufficient to raise a legitimate question of liability~~ appropriate for judicial inquiry.

*(2) For defendant(s) _Hamilton M. Sporborg, DDS_ because the plaintiff(s) _____ action is merely an unfortunate medical result.

If a finding is made for the defendant or defendants in the above entitled action **the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate** secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. **If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed.** Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof. _The plaintiff did not appear at the hearing and did not submit an offer of proof._

Dated: 11/21/2005

Justice of the Superior Court

_[signature]_
Associate Justice of the Superior Court Dept.

Legal Member:

_[signature]_
Attorney - Tribunal Member

Medical Member:

_[signature]_
*Physician - Tribunal Member
*Health Care Provider - Tribunal Member

*strike inapplicable words

cm

[Attestation stamp: I HEREBY ATTEST AND CERTIFY ON Nov. 23, 2005 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY. MICHAEL JOSEPH DONOVAN, CLERK / MAGISTRATE, SUFFOLK SUPERIOR CIVIL COURT DEPARTMENT OF THE TRIAL COURT. BY: _[signature]_ Asst. Clerk]

SCANNED
DATE: 6/20/04
BY: TOM

MALPRACTICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11813 JLT CIVIL ACTION NO.
05-0546

| | |
|---|---|
| KENNETH I. TOOTELL, JR., <br> Plaintiff | ) <br> ) <br> ) COMPLAINT |
| vs. | ) AND <br> ) DEMAND FOR JURY TRIAL |
| HAMILTON M. SPORBORG, D.D.S. <br> Defendant | ) <br> ) |

MAGISTRATE JUDGE Cohen

RECEIPT # 58091
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. T.O.M
DATE 8/15/04

## INTRODUCTION

This is a 28 U.S.C. §1332 Diversity of Citizenship Action sounding in Tort/Dental Malpractice and set forth in three (3) Counts. The Plaintiff, Kenneth I. Tootell, Jr., seeks Seven Hundred and Fifty Thousand ($750,000.00) Dollars in redress and compensation for critical and ongoing personal injuries and concomitant pain and suffering proximately caused by the tortious conduct of the Defendant, Hamilton M. Sporborg, D.D.S.

## PARTIES

1. The Plaintiff, Kenneth I. Tootell, Jr. (hereinafter: "Mr. Tootell") at all times material hereto was a resident of 31670 Avenue C, P.O. Box 1478, Big Pine Key, Munroe County, Florida 33043.

2. The Defendant, Hamilton M. Sporborg, D.D.S. (hereinafter: "Dr. Sporborg") is, and at all times material hereto was, a dentist and oral surgeon licensed to practice such profession and having an office at 1118 Main Street in the Town of Chatham, County of Barnstable, in the Commonwealth of Massachusetts.

## JURISDICTION

3. Jurisdiction of this Honorable Court - inter alia - is based upon 28 U.S.C., §1332, Diversity of Citizenship, as the amount in controversy well exceeds the sum or value of $75,000.00 exclusive of interests and costs, diversity of citizenship exists between the parties, and the Defendant, Dr. Sporborg, who at all times material hereto maintained his oral surgery and dentistry office in the Town of Chatham, Barnstable County, Massachusetts, is clearly subject to this Court's jurisdiction.

Page 1 of 5

I HEREBY ATTEST AND CERTIFY ON 2-10-05 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## STATEMENT OF FACTS

4. On or about September 11, 1997 Mr. Tootell was referred to and employed Dr. Sporborg to examine and treat Mr. Tootell's teeth, relying upon Dr. Sporborg's skill and competence in dentistry and oral surgery.

5. From on or about September 1, 2001 and thereafter until at least July 10, 2003 the Defendant, Dr. Sporborg, so negligently examined, extracted and treated Mr. Tootell's teeth, jaw and mouth as to cause Mr. Tootell to sustain critical, ongoing and irreversible dental, oral and personal injuries as hereinafter alleged.

## COUNT I - NEGLIGENCE

6. Plaintiff, Mr. Tootell, repeats and realleges as part of this Count each and every allegation contained in Paragraphs 1 through 5 with the same force and effect as though fully set forth herein.

7. The Defendant, Dr. Sporborg, his agents, servants and employees, negligently, carelessly and/or unskillfully cared for and treated the Plaintiff, Mr. Tootell, during but not limited to the dates hereinabove set forth, as follows:

   a. Negligent failure to follow the standard of acre and skill of the average qualified member of the profession practicing the specialties practiced by the Defendant, and the employees, servants and agents of the Defendant, taking into account advances in the profession;

   b. Negligent failure to diagnose the conditions and the dental, oral and/or medical problems of the Plaintiff, and subsequent complications;

   c. Negligent failure to properly and fully advise and instruct the Plaintiff regarding all treatment alternatives and their concomitant risks, benefits and possible consequences;

   d. Negligent failure to treat or adequately treat the conditions and dental, oral and/or medical problems of the Plaintiff, and the subsequent complications and/or offer and implement far less destructive, more conservative, indicated treatment alternatives;

   e. Negligent failure to prescribe or administer or have administered, or prescribe or administer of have administered in the proper amounts, certain indicated prescriptions, medications, medicines and/or other prophylactic measures to/for the Plaintiff; and,

    f.      Negligent failure to respond to certain symptoms of the Plaintiff, particularly an obviously extant, continuing and pervasive infection in and about the Plaintiff's mouth, teeth and gums affected by the treatment given, and/or negligent failure to use appropriate diligence in any oral surgical or dental responses made, in the care and treatment of the Plaintiff and any subsequent complications.

8.     As the direct and proximate result of the negligence and carelessness of the Defendant, Dr. Sporborg, his agents, servants and/or employees, as hereinabove set forth, the Plaintiff, Mr. Tootell, has been caused to suffer and continues to suffer severe and permanent injuries, including but not limited to no less than two extremely painful gingival grafts, extreme deterioration of his jawbone requiring more extensive bone grafting than would otherwise ever be necessary, thus incurring otherwise unnecessary surgical procedures and oral surgical/dental care, and, has suffered great physical and mental anguish and continues to suffer the same. Mr. Tootell has been and will be in the future caused to expend substantial sums of money for now required restorative, rehabilitative oral surgical and dental care and treatment. Moreover, Mr. Tootell's general quality and enjoyment of life has been profoundly affected.

WHEREFORE, THE PLAINTIFF, KENNETH I. TOOTELL, JR., DEMANDS JUDGMENT AGAINST THE DEFENDANT, HAMILTON S. SPORBORG, D.D.S., IN THE SUM OF SEVEN HUNDRED AND FIFTY THOUSAND ($750,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

### COUNT II - LACK OF INFORMED CONSENT

9.     Plaintiff repeats and realleges as part of this Count each and every allegation contained in Paragraphs 1 through 8 with the same force and effect as though fully set forth at length herein.

10.    The afore-described treatment performed by Dr. Sporborg on Mr. Tootell was plainly without Mr. Tootell's full consent as Dr. Sporborg failed to instruct and inform the Plaintiff, Mr. Tootell, of all the dangers, possible harms and risks of said treatment and of known, effective alternative and more conservative forms of treatment reasonably indicated by the symptoms manifested by Mr. Tootell when necessarily examined by Dr. Sporborg. Had Mr. Tootell been fully informed as to the critical, material and serious dangers, possible harms and risks involved and the availability of more appropriate, indicated and conservative treatment, Mr. Tootell would not have consented to the negligent course of treatment perpetrated by Dr. Sporborg.

11. As the direct and proximate result of the unconsented oral surgical and dental treatment performed on the Plaintiff, Kenneth I. Tootell, Jr., intentionally by Hamilton M. Sporborg, D.D.S., as specified above, and as the direct and proximate result of said Defendant's effective misrepresentation by his failure to fully disclose the dangers, possible harms and material risks involved, and alternative, conservative treatment methods available, the Plaintiff, Mr. Tootell, has suffered severe pain of body and mind, permanent and debilitating physical injuries, he was compelled to incur great and continuing expenses for dental/medical treatment and attention, and he has been prevented from engaging in his usual activities for an extended period of time. Mr. Tootell's health, ability to work and earn income, ability to engage in his normal and usual activities and ability to enjoy his normal quality of life have been acutely and unjustifiably impaired.

WHEREFORE, THE PLAINTIFF, KENNETH I. TOOTELL, JR. DEMANDS JUDGMENT AGAINST THE DEFENDANT IN THE SUM OF SEVEN HUNDRED AND FIFTY THOUSAND ($750,000.00) DOLLARS TOGETHER WITH INTERESTS AND ALL COSTS OF THIS ACTION.

### COUNT III - BREACH OF CONTRACT/WARRANTY

12. Plaintiff repeats and realleges as part of this Count each and every allegation contained in Paragraphs 1 through 11 with the same force and effect as though fully set forth herein.

13. Plaintiff, in reliance on the Defendant's express representations, promises, warranties and guarantees, and in reliance on said Defendant's express promise and contracting to produce a particular dental and oral surgical result, underwent a course of treatment as described herein on and after September 1, 2001 performed by Dr. Sporborg.

14. As the direct and proximate result of said Defendant's, Dr. Sporborg's, breach of his aforesaid promises, warranties, guarantees and contract to produce a particular dental, oral surgical result, and through his treatment performed on the Plaintiff on and after September 1, 2001 the Plaintiff was caused to suffer severe pain of body and mind, permanent and debilitating physical injuries, and to incur great and continuing expenses for medical treatment and attention, and, he has been prevented from engaging in his usual activities for an extended period of time. Mr. Tootell's health, ability to work and earn income, ability to engage in his normal and usual activities and ability to enjoy his normal quality of life have been acutely and unjustifiably impaired.

WHEREFORE, THE PLAINTIFF, KENNETH I. TOOTELL, JR. DEMANDS JUDGMENT AGAINST THE DEFENDANT IN THE SUM OF SEVEN HUNDRED AND FIFTY THOUSAND ($750,000.00) DOLLARS TOGETHER WITH INTERESTS AND ALL COSTS OF THIS ACTION.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 38, THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE OF RIGHT BY A JURY.

Plaintiff, Kenneth I. Tootell, Jr.,
By His Attorney,

Anthony R. Bott, Esq.
BBO # 040450
Anthony R. Bott, P.C.
Eight Beach Road
P.O. Box 1137
East Orleans, MA 02643
(508) 240-2700

Dated:

I HEREBY ATTEST AND CERTIFY ON Nov. 23, 2005 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: