UNITED STATES DISTRICT COURT
IN AND FOR THE
DISTRICT OF MASSACHUSETTS

KENNETH I. TOOTELL, JR., )
    Plaintiff )
)
VS. ) CIVIL ACTION NO. 04-11813 JLT
)
HAMILTON M. SPORBORG, D.D.S., )
    Defendant )

## MOTION OF THE DEFENDANT, HAMILTON M. SPORBORG, D.D.S., TO DISMISS THE COMPLAINT AND FOR ENTRY OF SEPARATE AND FINAL JUDGMENT IN HIS FAVOR PURSUSANT TO M.G.L. c. 231, §60B

Now comes the defendant, Hamilton M. Sporborg, D.D.S., and by his counsel moves this Honorable Court to dismiss the complaint of the plaintiff, Kenneth I. Tootell, Jr., and for entry of separate and final judgment in his favor as to all counts of the complaint. As grounds for this motion, counsel for the defendant states that the plaintiff has failed to post the required statutory bond within thirty (30) days after an adverse finding of the medical malpractice tribunal. In addition, the plaintiff has not moved to have the bond reduced within thirty (30) days of the adverse finding of the medical malpractice tribunal. For all the reasons set forth below, the defendant, Hamilton M. Sporborg, D.D.S., requests that this motion be <u>ALLOWED</u>, that the complaint be dismissed and that separate and final judgment be entered in his favor.

In further support of this Motion, counsel for Dr. Sporborg states as follows:

1.    On August 19, 2004, the plaintiff, Kenneth Tootell, Jr., through his attorney, filed a complaint alleging dental malpractice in the United States District Court

for the District of Massachusetts (Boston). The defendant is a provider of healthcare and the allegations against him sound in medical/dental negligence. The complaint was answered and all allegations of negligence were denied.

2.  On or about December 22, 2004, counsel for the defendant filed a motion to refer the case to the State Superior Court for the convening of a medical malpractice tribunal pursuant to M.G.L. c. 231, § 60B. The motion was allowed on February 7, 2005.

3.  On November 21, 2005, a Medical Malpractice Tribunal was convened in Suffolk Superior Court, Boston, MA. The plaintiff did not submit an offer of proof to substantiate any of the allegations against the defendant. On November 21, 2004, the medical malpractice tribunal panel entered a finding in favor of the defendants as follows: "as to Hamilton M. Sporborg DDS that there is not sufficient evidence to raise a legitimate question as to liability appropriate for judicial inquiry. (Thomas Connolly, Justice)." Copies of the finding were mailed on November 23, 2005. (Suffolk Superior Court Docket, Attached as Exhibit "A").

4.  Pursuant to Massachusetts General Laws, Chapter 231, §60B, the plaintiff was required to post the statutory bond within thirty (30) days of the Tribunal Panel's findings, if the plaintiff wished to proceed with the prosecution of this matter. The plaintiff has not filed a bond to pursue this matter. Counsel for the defendant has not received any notice that the plaintiff has sought to have the bond reduced.

5.  As of December 28, 2005, the plaintiff has not posted the required statutory bond. More than thirty (30) days has passed since the finding of the medical malpractice was entered on the docket and notice provided to the parties.

6.	The defendant, Hamilton M. Sporborg, D.D.S., is entitled to dismissal of this Complaint, with prejudice, as the plaintiff has failed to post the required statutory bond pursuant to M.G.L. c. 231, § 60B. The statute states, in relevant part,

> "If a finding is made for the defendant . . . the plaintiff may pursue the claim through the usual judicial process only upon filing the bond in the amount of $6,000 . . . [i]f said bond is not posted within thirty days of the tribunal's finding, the action shall be dismissed."

7.	As the plaintiff has failed to post the statutory bond within the required time period, and there being no just reason to delay dismissal, the defendant, Hamilton M. Sporborg, D.D.S., hereby requests the complaint against him be dismissed and that separate and final judgment be entered in his favor pursuant to M.G.L. c. 231, §60B. Counsel states that there is no just reason for delay as the finding of the medical tribunal pertains to all the claims asserted in this case. In addition, the defendant has been required to defend against a claim for medical/dental negligence that has not been substantiated. The purpose of the medical malpractice tribunal statute is to discourage frivolous lawsuits and to avoid the waste of resources that was fueling escalating medical costs and insurance premiums. See Denton v. Beth Israel Hospital, 392 Mass. 277, 280 (1984); M.G.L. c. 231, §60B.

WHEREFORE, all the reasons set forth above, the defendant, Hamilton M. Sporborg, D.D.S., through counsel, respectfully requests that this motion be ALLOWED, that the complaint against him be dismissed and that separate and final judgment be entered in his favor.

Respectfully submitted,

_____
Kevin C. Reidy, B.B.O. #567760
Attorney for Defendant,
Hamilton M. Sporborg, D.D.S.,
MARTIN, MAGNUSON, McCARTHY &
KENNEY
101 Merrimac Street
Boston, MA 02114-4716
(617) 227-3240

## CERTIFICATE OF SERVICE

I, Kevin C. Reidy, attorney for defendant, hereby certify that on the 28th day of December, 2005, I served the within *Motion to Dismiss and for Entry of Separate and Final Judgment* upon all parties of record by mailing a copy, postage prepaid, to Kenneth I. Tootell, Jr., pro se, 938 Crowell's Bog Road, Brewster, MA 02631.

_____
Kevin C. Reidy, B.B.O. No. 567760
Attorney for Defendant,
Hamilton M. Sporborg, D.D.S.,
MARTIN, MAGNUSON, McCARTHY & KENNEY
101 Merrimac Street
Boston, MA 02114
(617) 227-3240